CHARLES SEITZ, Respondent, *v.* MATHEW DURNING ET AL., Appellants.

### December 30, 1879.

Where one assuming to be the assignee of notes secured by a deed of trust receives of the maker, before maturity, the amount of the notes, which have never been in his possession, and were not produced by him, and enters satisfaction of the deed of trust on the margin of the record thereof, such entry of satisfaction will be annulled at the suit of the payee and mortgagee.

APPEAL from the St. Louis Circuit Court.

*Affirmed.*

D. T. JEWETT, for the appellants.

BROADHEAD, SLAYBACK & HAEUSSLER, for the respondent.

HAYDEN, J., delivered the opinion of the court.

This is an action to have annulled an entry on the books in the office of the recorder of deeds of the city of St. Louis, of satisfaction and discharge of a deed of trust, which deed was made by Mathew Durning, a defendant here, to a trustee, for James Clemens, *cestui que trust*, to secure a principal note of $500, and interest-notes. The plaintiff, claiming to be owner of the notes through Clemens, alleges that one B. J. Reilly, falsely pretending to be the owner and holder of the notes, entered satisfaction, without any authority; and that, on account of the entry, the trustee, a defendant, refuses to sell the property.

It appeared that the deed of trust was given in January, 1872, and that the principal note ran three years, there being six interest-notes. Shortly after the deed was made, the plaintiff, becoming the owner of the notes, put them in bank, where the maker, Durning, paid two of them. On May 16, 1874, Reilly went, in company with Durning, to the recorder's office, and in his own name, as the owner of the notes, released the deed, in the usual way, upon the margin of the record. Reilly did not have any of the notes

or the deed, nor were these produced. They were in the plaintiff's custody, who was ignorant of the release. It appears, however, that Durning understood that Reilly was the owner of the notes, and, on this supposition, paid the principal and interest, corresponding to the amount then due, to Reilly, without requiring the notes or deed to be produced. Reilly and the plaintiff had many business transactions with each other; Reilly, who was a real-estate agent and loan-broker, collecting rents for the plaintiff, and often passing to him, as investments, real-estate papers, which Reilly had procured. The plaintiff testified that he gave Reilly no authority to release the deed; while, on defendant's part, Reilly testified that in his transactions with the plaintiff the latter received credit for the amount paid by Durning in discharge of the deed of trust, and that the plaintiff, after the release was made, knew of it and assented to it. The court below found for the plaintiff, and there was a decree that the entry of release be annulled.

The question here is not a question of ratification, but of payment. The plaintiff was the owner of the unpaid notes, and Reilly neither had the notes, nor had he any authority from the plaintiff to receive the money or discharge the deed. If Durning — and the defendant Locket, to whom Durning sold the premises on the same day that the release was indorsed — chose to repose confidence in Reilly, and, without taking ordinary precautions, or requiring the production of the negotiable notes, to pay him on his pretence that he had a right to discharge the deed, that was their own affair, and they must suffer the consequences. It seems clear that the two did not look to Reilly as the agent of the plaintiff, of whom, in fact they knew nothing; nor did Reilly pretend to be the plaintiff's agent. The agency seems to be an afterthought. Reilly assumed to be the assignee of the notes, and entitled, in his own right, to release the deed. Thus there is no room for the principle of ratification, which depends on the assumption of agency on the part of a per-

son without authority. If there is no such assumption,. there is nothing for the retroaction to operate upon ; nor can an after-assent be then equivalent to a prior command. It is true, the plaintiff might have adopted Reilly's act ; but. this is the question of payment in another form.

As to the question of any authority in Reilly, he is unable to show any, nor is there any satisfactory evidence that. he had power given him to discharge the deed ; while the plaintiff directly denies such authority.   But, as above said, apart from the existence of any power, the fact cannot be disputed, upon the evidence, that it was not in the exercise of any such authority that Reilly acted.   The facts, as they then existed, cannot be contradicted by after-formed theories.   Reilly neither used the name of the plaintiff, nor did he, to other defendants or to the recorder, assume to act for another.   Thus the question which remains is merely of payment.   If the plaintiff received money or other consideration from Reilly in discharge of these notes, he cannot now recover on the basis that they are outstanding and unpaid.

The burden to prove payment is on the defendants, and the proof must be clear.   There is no clear or satisfactory evidence that the notes were paid.   Allowing all that is claimed on this point on the part of the defendants, the matter results in a direct contradiction between the plaintiff and Reilly.   If the testimony of these two were entitled to equal credit, the case must be with the plaintiff, since then there would be no evidence sufficient to rebut the liability *prima facie* established.   There can be no question but. that the plaintiff owned the notes that were outstanding,. and kept them in bank.   They have never been produced until the plaintiff produced them at the trial.   That they were satisfied by an arrangement between Reilly and the plaintiff in adjusting their matters — the plaintiff getting a note of $2,000 for a debt of about $1,200, and the notes in question and other notes making up the balance — is not estab-

lished by testimony that to us is convincing. The perusal of the conflicting testimony upon this point, as it appears in the record, satisfies us, as the court below, which saw the witnesses on the stand, was satisfied, that the defendants have failed to rebut the case of the plaintiff, and that the latter is entitled to a decree.

The judgment is affirmed. Judge LEWIS concurs ; Judge BAKEWELL did not sit.